UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JOHN GELLNER and RACHEL VOGLE, | ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) Case No. 21-CV-0401-CVE-JFJ ) |
| PROGRESSIVE NORTHERN INSURANCE CO. and BROWN & BROWN OF OKLAHOMA, INC., | ) ) ) ) ) ) |
| Defendants. | ) |

**OPINION AND ORDER**

Now before the Court is Plaintiffs' Motion to Remand (Dkt. # 9). Plaintiffs argue that there is not complete diversity between the plaintiffs and defendants, and they ask the Court to remand the case to state court. Defendant Progressive Northern Insurance Co. (Progressive) responds that plaintiffs fraudulently joined their insurance agent, Brown & Brown of Oklahoma, Inc. (Brown), as a defendant in order to defeat diversity jurisdiction, and Progressive argues that there is complete diversity between plaintiffs and Progressive.

Plaintiffs filed this case in Mayes County District Court alleging claims of breach of contract and bad faith against Progressive. Plaintiffs allege that they obtained an insurance policy for their boat from Progressive and, on October 8, 2020, they were operating their boat when it collided with an object beneath the surface of the water. Dkt. # 1-2, at 3. Progressive allegedly denied the claim on the ground that any damage to the boat was the "result of wear & tear as well as lack of maintenance." Id. Plaintiffs allege that Brown was negligent for failing to use reasonable care and

skill when procuring boat insurance for plaintiffs, and they claim that Brown's failure to obtain the correct type of insurance caused plaintiffs' injury. Id. Plaintiffs and Brown are citizens of Oklahoma for the purpose of diversity jurisdiction, and Progressive is incorporated under the laws of Wisconsin and has its principal place of business in Ohio. Dkt. # 1, at 5. The petition states that plaintiffs are seeking damages in excess in the amount in controversy required for diversity jurisdiction. Dkt. # 1-2, at 4.

Progressive removed the case to federal court on the basis of diversity jurisdiction, even though the named parties are not completely diverse, because Progressive claims that plaintiffs fraudulently joined Brown as a party for the sole purpose of defeating diversity jurisdiction. Progressive argues that Brown's presence as a defendant should be disregarded for the purpose of determining whether diversity jurisdiction exists, because there is no possibility that plaintiffs can recover against Brown. Id. at 8. Progressive does not argue that an insurance agent can never be held liable for negligence under Oklahoma law, but Progressive asserts that plaintiffs' claims have nothing to do with the nature of the insurance policy issued by Progressive. Id. at 11. Plaintiff has filed a motion to remand (Dkt. # 9) on the ground that it has asserted a viable claim against Brown, a non-diverse defendant, and complete diversity does not exist between the parties.

Federal courts are courts of limited jurisdiction, and there is a presumption against the exercise of federal jurisdiction. Merida Delgado v. Gonzales, 428 F.3d 916, 919 (10th Cir. 2005); Penteco Corp. Ltd. Partnership--1985A v. Union Gas System, Inc., 929 F.2d 1519, 1521 (10th Cir. 1991). "It is well-established that statutes conferring jurisdiction upon the federal courts, and particularly removal statutes, are to be narrowly construed in light of our constitutional role as limited tribunals." Pritchett v. Office Depot, Inc., 420 F.3d 1090, 1095 (10th Cir. 2005). The party

invoking federal jurisdiction has the burden to allege jurisdictional facts demonstrating the presence of federal subject matter jurisdiction. McNutt v. General Motors Acceptance Corp. of Indiana, Inc., 298 U.S. 178, 182 (1936) ("It is incumbent upon the plaintiff properly to allege the jurisdictional facts, according to the nature of the case."); Montoya v. Chao, 296 F.3d 952, 955 (10th Cir. 2002) ("The burden of establishing subject-matter jurisdiction is on the party asserting jurisdiction."). "The Court resolves doubtful cases in favor of remand." McDonald v. CSAA Ins. Exch., 2017 WL 887108, at *2 (W.D. Okla. Mar. 6, 2017) (citing Fajen v. Found. Reserve Ins. Co., 683 F.2d 331, 333 (10th Cir. 1982)).

A defendant may remove a case to federal court if the case is one over "which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). Under 28 U.S.C. § 1332, federal courts have "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different states." The Supreme Court has construed § 1332 to require complete diversity, and the "plaintiff must meet the requirements of the diversity statute for *each* defendant . . . ." Newman-Green, Inc. v. Alfonzo-Larrain, 490 U.S. 826, 829 (1989). The Supreme Court has recognized that a defendant's "right of removal cannot be defeated by a fraudulent joinder of a resident defendant having no real connection with the controversy." Wilson v. Republic Iron & Steel Co., 257 U.S. 92, 97 (1921). A defendant can prove fraudulent joinder by showing that either: (1) plaintiff's jurisdictional allegations are fraudulent and made in bad faith; or (2) plaintiff has no possibility of recovery against the non-diverse defendant. Slover v. Equitable Variable Life Ins. Co., 443 F. Supp. 2d 1272, 1279 (N.D. Okla. 2006). If a defendant can show that all non-diverse defendants were fraudulently joined, the remaining parties will be completely diverse and the federal court has subject

matter jurisdiction. See American Nat. Bank & Trust Co. of Sapulpa, v. Bic Corp., 931 F.2d 1411, 1412 (10th Cir. 1991) ("If, as defendant suggests, plaintiffs joined the Oklahoma residents without good faith, defendant may remove on the grounds of fraudulent joinder.").

"The burden of persuasion placed upon those who cry 'fraudulent joinder' is indeed a heavy one." Hart v. Bayer Corp., 199 F.3d 239, 246 (5th Cir. 2000) (quoting B., Inc. v. Miller Brewing Co., 663 F.2d 545, 549 (5th Cir. 1981)). When a defendant raises specific allegations of fraudulent joinder, the Court may pierce the pleadings to evaluate the defendant's argument. Smoot v. Chicago, Rock Island & Pac. R.R. Co., 378 F. 2d 879, 881-82 (10th Cir. 1967); Dodd v. Fawcett Publications, Inc., 329 F.2d 82, 85 (10th Cir. 1964). "After resolving disputed questions of fact and ambiguities in favor of the plaintiffs, the court then determines whether they have 'any possibility of recovery against the party whose joinder is questioned.'" Asbury v. N. Star Mut. Ins. Co., 2015 WL 588607, at *1 (W.D. Okla. Feb. 11, 2015) (quoting Montano v. Allstate Indem., 2000 WL 525592, at *1 (10th Cir. 2000); Hart, 199 F.3d at 246). "[T]he court must decide whether there is a reasonable basis to believe the plaintiff might succeed in at least one claim against the non-diverse defendant." Nerad v. AstraZeneca Pharms., Inc., 203 F. App'x 911, 913 (10th Cir. 2006).[1] "A 'reasonable basis' means just that: the claim need not be a sure-thing, but it must have a basis in the alleged facts and the applicable law." Id. Although the Court can pierce the pleadings, "[t]his does not mean that the federal court will pre-try, as a matter of course, doubtful issues of fact to determine removability; the issue must be capable of summary determination and be proven with complete certainty." Smoot, 378 F.2d at 882.

---

[1] Unpublished decisions are not precedential, but they may be cited for their persuasive value. See FED. R. APP. 32.1; 10TH CIR. R. 32.1.

Plaintiffs argue that they have asserted a viable negligence claim against Brown, because plaintiffs asked Brown to procure insurance with collision coverage and Brown failed to procure such coverage. Dkt. # 9, at 2. Under Oklahoma law, "[a]n agent has the duty to act in good faith and use reasonable care, skill and diligence in the procurement of insurance and an agent is liable to the insured if, by the agent's fault, insurance is not procured as promised and the insured suffers a loss." Swickey v. Silvey Companies, 979 P.2d 266, 269 (Okla. Civ. App. 1999). "This duty rests, in part, on 'specialized knowledge [about] the terms and conditions of insurance policies generally.'" Rotan v. Farmers Ins. Group of Cos., 83 P.3d 894, 895 (Okla. Civ. App. 2003) (quoting Swickey, 979 P.2d at 269). "To discharge their duty to act in good faith and use reasonable care, skill, and diligence in the procurement of insurance, including use of their specialized knowledge about the terms and conditions of insurance policies, insurance agents need only offer coverage mandated by law and coverage for needs that are disclosed by the insureds, and this duty is not expanded by general requests for 'full coverage' or 'adequate protection.'" Id. (emphasis in original). If an agent is not provided with pertinent information, "the scope of the agent's duty to use reasonable care, skill, or diligence in the procurement of insurance does not extend" to create liability for unknown information. Rotan, 83 P.3d at 895. Oklahoma courts are in agreement that an insurance agent does "not have a duty to advise an insured with respect to his insurance needs." Id.; Mueggenborg v. Ellis, 55 P.3d 452, 453 (Okla. Civ. App. 2002). "What is required is that the agent 'offer coverage . . . for needs that are disclosed by the insured.'" Asbury, 2015 WL 588607, at *2 (quoting Rotan, 83 P.3d at 895).

Plaintiffs' petition wholly fails to state a claim against Brown under this standard and there is no possibility that plaintiff could recover against Brown under Oklahoma law. Plaintiffs generally

5

allege that Brown had a duty to act as a competent insurance agent and that it failed "act in good faith and use reasonable care, skill and diligence in gathering information from the Plaintiff, completing the application, and procuring [insurance]." Dkt. # 1-2, at 3. Plaintiffs' allege that their boat collided with an object beneath the surface of the water and they submitted an insurance claim for damage to their boat. Id. Plaintiffs' insurance claim was denied because Progressive determined that the damage to the boat was caused by "wear and tear," rather than a collision. Id. Progressive does not deny that the insurance policy covers damage caused by collisions, and it does not dispute that plaintiffs' claim would be covered if plaintiffs could establish that damage to the boat was caused by a collision. This is simply a garden variety breach of insurance contract claim against the insurer, and there are no allegations in the petition suggesting that the insurer's decision on plaintiffs' claim would have been different if the insurance agent had obtained some other insurance policy. The outcome of plaintiffs' claims against Progressive depend upon the cause of the damage to the boat, not the lack of collision coverage in the insurance policy, and plaintiffs have not stated a viable claim against Brown.

Plaintiffs make additional allegations describing their claim against Brown in more detail in their motion to remand, and the Court will consider these allegations to determine whether plaintiffs could file an amended complaint stating a viable claim against Brown. Plaintiff Rachel Vogle states that she spoke with an employee of Brown, Tama Roberts, after purchasing a boat, and Vogle expressly requested boat insurance with "comprehensive collision coverage." Dkt. # 9-1, at 1. Roberts requested information about the boat and plaintiffs' intended use of the boat, and Roberts represented that she could an obtain insurance policy for the boat with collision coverage. Id. Plaintiffs allege that Roberts failed to inspect the boat or ask if the boat was in need of repair. Id.

6

at 2. On March 29, 2021, Progressive sent a letter to plaintiffs' attorney explaining the basis for the denial of plaintiffs' insurance claim. The letter outlined the coverage available under plaintiffs' insurance policy, and the policy included coverage for "sudden, direct and accidental loss to a covered watercraft resulting from a collision." Id. at 4. However, the evidence available to Progressive showed that the damage to the boat's propellor was the result of lack of maintenance, rather that any "recent sudden, direct, and accidental impact." Id. at 3.

The additional information provided by plaintiffs shows that there is no possibility than plaintiffs can amend their petition to state a viable claim against Progressive. Plaintiffs' new allegations do not show that the type or nature of the insurance policy caused them any harm, and this case strictly involves a dispute concerning the cause of the damage to the boat. Plaintiffs claim that the boat was damaged when it collided with an object beneath the surface of the water. Progressive contends that there is no evidence that impact with an object caused any damage to the boat, and Progressive argues that the any damage to the boat's propellor was due to lack of routine maintenance. Progessive does not dispute that plaintiffs' insurance claim will be covered if the damage to the boat was caused by a collision, and the failure to pay the claim has nothing to do with the type of insurance procured by Brown. Plaintiffs have not alleged a viable claim against Brown and they have not shown that they could amend their petition to do so, and the Court finds that plaintiffs have fraudulently joined Brown as a party for the sole purpose of defeating diversity jurisdiction.

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion to Remand (Dkt. # 9) is **denied**.

**IT IS FURTHER ORDERED** that defendant Brown & Brown of Oklahoma, Inc. is **terminated** as a party defendant. The parties are directed to correct the case caption accordingly on future pleadings.

**DATED** this 7th day of December, 2021.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE